IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TIMMIE RICHARD HARPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-089 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner TIMMIE RICHARD HARPER has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the revocation of his parole. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

Petitioner was found guilty of burglary of a habitation out of the 47th District Court of Potter County, Texas, in August of 1998. He remained incarcerated on the eighteen-year sentence until he was released to parole in January of 2006. His parole was revoked September 10, 2010. He is currently incarcerated at the Coffield Unit.

Following the revocation, petitioner indicates he "petitioned the parole board numerous times, the last time with a motion to re-open hearing, which was denied on 8-26-11." (Petition, doc.

3 at pg. 9). Petitioner then filed his state habeas corpus application. He provides two dates on which he filed the application, indicating at one point that he filed the state habeas application in January 22, 2013 (*Id.* at pg. 4) and at another point that he filed it December 10, 2012 (*Id.* at pg. 9). The Court will assume petitioner filed his state habeas corpus application on December 10, 2012, as that date is more favorable to petitioner than the January 2013 date. The state application was denied without written order on March 20, 2013. *In re Harper*, WR-78,990-01. Petitioner followed with the instant federal habeas corpus petition, which he filed on May 15, 2013.

## II.
## PETITIONER'S ALLEGATIONS

In six grounds of error, petitioner contends false statements made in the violation report and at the preliminary and revocation hearings resulted in revocation of his parole without due process.

## III.
## THE STATUTE OF LIMITATIONS

A federal habeas corpus petitioner must establish the state action he challenges has been final for no longer than one year. There are four different ways to measure the one-year time period based upon different triggering events. *See* 28 U.S.C. § 2244(d)(1). "Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions." *Stone v. Thaler*, 614 F.3d 126, 138 (5th Cir. 2010). Under that section, the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). For federal habeas petitions challenging a parole revocation, the Fifth Circuit has recognized the one-year limitation period begins on the date of revocation. *Heiser v. Johnson*, 263 F.3d 162, 1001 WL 803542 (5th Cir. June 9, 2011) (unpublished).

It is possible to toll the one-year limitations period: any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2). The Fifth Circuit has held, however, that in dealing with parole revocations the time during which a petition for review by the Parole Board is pending does not toll the federal habeas corpus limitations period. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009); *Aleman v. Thaler*, No. C-11-379, 2012 WL 2732270 at *2 (S.D. Tex. June 13, 2012); *Johnson v. Quarterman*, No. 4:08-CV-461, 2009 WL 1659643 at *3 (N.D. Tex. June 11, 2009); *Williams v. Director, T.D.C.J.-CID*, No. 9:07-CV-067, 2007 WL 2408526 at *3 (E.D. Tex. Aug. 21, 2007).

In this case, petitioner indicates his parole was formally revoked on September 10, 2010. Absent any tolling, his federal habeas corpus petition was due September 10, 2011. It was not filed until May 15, 2013, which was almost two years too late. Review of the facts given by petitioner indicates there is no opportunity for statutory tolling. Petitioner says he petitioned the Parole Board for relief, and the board's last denial of his motion to re-open hearing was issued August 26, 2011. The pendency of this and other such motions has no tolling effect on the federal statute of limitations. *See Wion*, 567 F.3d at 148.

The Court has also considered petitioner's state habeas corpus application, which he filed December 10, 2012. The filing date of the state habeas application, however, is *after* the September 10, 2011 deadline for the federal habeas petition. Consequently, the pendency of the state habeas corpus application has no tolling effect on the federal limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 277 F.3d 260, 263 (5th Cir. 2000). There are not grounds for statutory tolling of the one-year statute of limitations in this case.

Equitable tolling may be possible in cases where statutory tolling is unavailable. *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (per curiam) (citation omitted). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The doctrine is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir.2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir.2002)).

Petitioner indicates he failed to timely file the federal habeas corpus petition because he was unaware federal habeas corpus relief was possible for errors in state parole revocation proceedings. He additionally points to his ignorance of the law, placement in administrative segregation, and lack of access to the law library. However, neither proceeding pro se, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A pro se prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Consequently, petitioner has failed to provide any grounds upon which the Court could equitably toll the one-year deadline. The petition is time barred. *See* 28 U.S.C. § 2244(d)(1)(A).

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TIMMIE RICHARD HARPER be DENIED.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of June, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).